UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARY E. BUTLER                                CIVIL ACTION

VERSUS                                        NO: 10-857

ERIC K. SHINSEKI, SECRETARY,                  SECTION: R(5)
DEPARTMENT OF VETERANS AFFAIRS

                          **ORDER AND REASONS**

In this Title VII employment discrimination case, plaintiff Mary Butler has filed a "motion for leave to request the Court and U.S. Marshall's assistance in confiscating plaintiff's residence and car; surrendered [sic] as evidence; and provide relocation."[1]  The Court construes plaintiff's *pro se* motion liberally in her favor.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Plaintiff's motion, however, asserts no comprehensible right to relief within the Court's jurisdiction.  Plaintiff asserts that she has suffered "invasion of privacy in her home and possibly car" and adds in a supplemental memorandum

---

    [1]    R. Doc. 92.

that her home was "sabotaged and rigged with spy ware/listening devices."[2]  These assertions are unrelated to the employment discrimination allegations that comprise plaintiff's complaint. There is no indication that plaintiff's assertions as to her house and car represent claims within the original jurisdiction of this Court, and to the extent that they represent claims under state law, the Court lacks supplemental jurisdiction over them under 28 U.S.C. § 1367(a) because they are unrelated to any claims over which the Court has jurisdiction.  Further, plaintiff's more general request that the Court alleviate her financial difficulties does not state a legal claim for relief. Therefore, plaintiff's motion must be denied.

   Plaintiff has also filed a proposed pre-trial order.[3]  This filing is premature because trial in this matter is not scheduled to take place until August of this year, and the discovery and motions deadlines have not yet passed.[4]  Plaintiff also states in the proposed pre-trial order that she moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), but plaintiff provides no reasons why judgment in her favor should be granted at this

---

[2]   R. Doc. 101, Ex. A.

[3]   R. Doc. 100.

[4]   R. Doc. 99 (scheduling order).

stage. To the extent that plaintiff's pre-trial order also constitutes a motion for judgment on the pleadings, that motion is denied.

For the foregoing reasons, plaintiff's motions are DENIED.

New Orleans, Louisiana, this __3rd__ day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE