```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

MARY E. BUTLER                                CIVIL ACTION

VERSUS                                        NO:10-0857

ERIC K. SHINSEKI, SECRETARY,                  SECTION: R(4)
DEPARTMENT OF VETERANS
AFFAIRS

## ORDER AND REASONS

Before the Court is petitioner Mary Butler's motion to appeal *in forma pauperis*.[1] Because the Court finds that her appeal is not taken in good faith, the motion is DENIED.

### I. Background

On October 8, 2008, Butler, a *pro se* plaintiff, filed a complaint against the Secretary of the Department of Veterans Affairs.[2] Butler alleged violations of Title VII based upon termination of employment, discrimination due to race, harassment, reprisal and acts of retaliation, slander, defamation of character, negligence, infliction of emotional distress, invasion of privacy, failure to receive an appropriate response from hospital police after three notifications, and conspiracy to bring charges against her. Defendant Shinseki moved for summary

---

[1] R. Doc. 123.

[2] R. Doc. 1.

judgment on the claims against him.[3]  The Court granted defendant's motion[4] and dismissed Butler's complaint with prejudice.[5]  Butler appealed this Court's dismissal to the Fifth Circuit Court of Appeals on August 15, 2011.  She also filed a motion for leave to appeal *in forma pauperis* that is now before the Court.

## II.  Standard

A plaintiff may proceed in an appeal *in forma pauperis* when she "submits an affidavit that includes a statement of all assets [she] possesses [and] that [she] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a).  A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.  *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th

---

[3]   R. Doc. 111.

[4]   R. Doc. 118.

[5]   R. Doc. 120.

Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Butler's motion to proceed *in forma pauperis* indicates that she is not employed, receives Veterans Affairs benefits in the amount of $123 per month, has $1.43 in a checking account, and owns a 2000 Intrigue Oldsmobile. This suggests that Butler is unable to pay the costs of appeal.

The Court finds, however, that Butler has failed to state a nonfrivolous ground for appeal. An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. §

1915(a)(3); *see also* FED. R. APP. P. 24(a)(3).  "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  A determination of an IFP movant's good faith, while necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits.  *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220).  "A complaint is frivolous if it lacks an arguable basis either in law or in fact."  *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

    Butler's claims do not have an arguable basis in either law or in fact.  First, Butler argues that she disagrees with the Court's decision because she was denied a trial.  A trial was not necessary in this case because the Court's order granting the defendant's motion for summary judgment resolved all of plaintiff's claims.  Second, Butler argues that I "may have exhibited bias" because she filed a motion asking me to recuse myself.  Butler provides no basis for her conclusion that the outcome of the Court's decision was the result of bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *see also Andrade v. Chojnacki*, 338 F.3d

4

448, 455 (5th Cir. 2003).  Third, Butler argues that she was denied relief "after constantly stating and providing evidence of being indigent."[6]  Butler's complaint alleged violations of Title VII and her indigency was not relevant to the merits of her claim.  Butler also asserts that she provided extensive evidence indicating that the Department of Veteran Affairs violated Title VII.  Butler's claim of retaliation was her only claim that met the prerequisites for filing suit in federal court, and Butler did not establish a *prima facie* case of retaliation.  Finally, Butler makes a vague assertion of invasion of privacy.  As explained in the Court's summary judgment order, a federal employee's causes of action against her employer based on any theory other than Title VII, such as Butler's invasion of privacy claim, must be dismissed.  *See Hampton v. I.R.S.*, 913 F.2d 180, 182-83 (5th Cir. 1990)(finding plaintiff's claims of intentional infliction of emotional distress preempted by Title VII).  Based on the foregoing, the Court finds that Butler's assertions do not have an arguable basis in law or in fact, and her appeal is therefore frivolous.

---

[6]   R. Doc. 121.

**IV. Conclusion**

Accordingly, the Court DENIES petitioner's motion to proceed in *forma pauperis*.

New Orleans, Louisiana, this 29th day of September, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE